UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RONNIE DAVIS,
   Plaintiff,

vs.                                   No. 07-4019

DR. ROGER LUBBERS, et al.,
   Defendants.

## CASE MANGEMENT ORDER

     This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The plaintiff, Ronnie Davis, has filed his complaint using a standard complaint form. The plaintiff has marked that he is filing his complaint pursuant to 28 U.S.C.§1331 and "malpractice specification of items of negligence." (Comp, p. 1). The plaintiff has named four defendants including Dr. Roger Lubbers, Trinity Medical Center, Dr. R.J. Anderson and John Doe. Dr Lubbers is a urologist at Trinity Medical Center and Dr. Anderson is a pathologist with the Quad City Pathologist Group. The plaintiff does not identify John Doe.

     The plaintiff underwent a biopsy for prostrate cancer, but it is unclear if he was diagnosed with cancer. The plaintiff says the defendants were negligent in their care and treatment of the plaintiff.

     The plaintiff has filed his lawsuit in the wrong court. The plaintiff claims he filed his complaint pursuant to 28 U.S.C. §1331 but this statute simply allows federal courts to have jurisdiction over matters concerning federal issues such as federal laws or the constitution. If the plaintiff were attempting to claim that the defendants violated his constitutional rights, he would have to sue pursuant to 42 U.S.C.§1983. However, the plaintiff could not sue the private doctors or the hospital pursuant to §1983 since they are not state actors. In addition, allegations of negligence, medical malpractice or differences of opinion on medical treatment do not state constitutional violations. *Ford v. Page*, 2001 WL 456427, at 6 (N.D.Ill. April 27, 2001)*; Jones v. Natesha,* 151 F.Supp.2d 938, 945 (N.D.Ill.,2001), *citations omitted*.

     If the plaintiff wishes to file a lawsuit claiming medical malpractice or negligence, he must file his lawsuit in the state court. The plaintiff's lawsuit is therefore dismissed for failure to state a claim upon which relief can be granted.

1

**IT IS THEREFORE ORDERED:**

1) The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. The case is closed and parties are to bear their own costs;

2) This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log;

3) The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.

4) The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.

5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

6) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Entered this 17th day of April, 2007.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE